TERRELL, Justice.
The City of Boynton Beach filed petition in the circuit court to validate an issue of Series E Swimming Pool Bonds. Notice of the bond election was given as required. The petition, among other things, alleged that an election was called and held as required by the city charter in which only the qualified electors who were freeholders residing in the city participated. A majority of the qualified electors approved issuance of said bonds to mature in twenty years. The petition further alleged that on August 26, 1960, subsequent to the bond election the city council adopted a resolution providing for the issuance of said bonds, fixing their maturities, form and other prerequisites and the method of their payment. Certified copies of the ordinance calling the bond election and the resolution providing for issuance of the bonds, were attached to the validating petition as exhibits.
An answer was filed and was later amended which in part provided:
“3(b) That in the ordinance providing for the holding of said election and in the proposition submitted to the voters thereat it is provided that bonds be issued ‘maturing in 20 years’, but the resolution adopted by the City Council on August 26, 1960, attached to the petition herein as Exhibit ‘D’, sets forth a schedule of maturities under which said bonds will mature serially over a period of twelve years and therefore said bonds, if issued in the manner prayed in the petition herein, will be illegal and void.”
Thereafter on October 20, 1960, a hearing was held, evidence was submitted by appellant to support the allegations of the petition but no evidence was submitted by appellee. On consideration of the evidence and argument of counsel for both parties, the chancellor entered a final decree dismissing the petition. This appeal is from the decree so entered.
The sole question presented is whether or not the chancellor committed error in dismissing the complaint.
The maturity period of the bonds as named in the ordinance calling the bond election was twenty years while the maturity period as fixed in the resolution providing for issuance of the bonds adopted *130 subsequent to the bond election was twelve years. They were payable serially at not exceeding five percent. The chancellor dismissed the complaint because of this variance.
Section 124 of the Charter of the City of Boynton Beach under which the said bonds were issued, Chapter 24398, Laws of Florida, Acts of 1947, provides:
“The City is authorized to issue bonds of said city of such form, denomination and bearing such rate of interest not to exceed five and one-half (51/2) per cent per annum and becoming due in such time and upon such conditions as may be determined for the purposes for which the said city has the power and authority to expend money, some of which are hereinafter named.”
Section 34 of said charter also provides:
“The council shall have power to pass such ordinances as they may deem necessary for the good government of the City, and to enforce the provisions of this Act, * * * ”
Inspection of Section 34 of the city charter discloses that the city council has power to enact such ordinances as they may deem necessary for the good government of the city. Section 124 of the city charter authorizes the city council to issue bonds in such form, denomination and bearing such rate of interest, not exceeding 5'1/£ percent per annum payable at such time and upon such conditions as may be determined for any purpose the city has power to expend money.
The power of the city to issue bonds on approval of a majority of the qualified electors who are freeholders as provided by Section 130 of the city charter is not challenged. The power to fix the form, denomination, rate of interest (not exceeding percent per annum), time and condition of payment of the bonds is vested exclusively in the city council. Section 34 of the city charter, quoted herein, vests a very liberal discretion in the city council as related to the “good government of the city.” In view of the discretion so vested, coupled with all the authorization contained in Section 130 of the city charter, the city council had the power to reduce the time of maturity of the bonds from twenty to twelve years. It is pointed out by appellant that this change resulted in a very substantial saving to the city. It would be fine if we all could realize that the bottom of the taxpayer’s pocket rather than the sky is the limit of the power to tax.
It follows that the decree of the chancellor must be, and is hereby, reversed with directions to enter a decree validating the bonds. State v. City of West Palm Beach, 1937, 127 Fla. 849, 174 So. 334.
THOMAS, C. J., and HOBSON, ROBERTS and DREW, TJ., concur.